FILED

2011 Jul-19  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

201 JUL 15  P 4: 09

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| SAEID MORSHIRI, RAZIEH M. | ) | |
| SHABANI, d/b/a K and C, LLC, | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO.** |
| | ) | |
| OIL EQUIPMENT CO., INC.; and | ) | CV-11-PT-2587-M |
| JIMMY PLOTT, and Unknown | ) | |
| Defendants A-Z Who Are | ) | |
| Responsible For the Losses | ) | |
| Described Herein, | ) | |
| | ) | |
| **Defendants** | ) | |

## NOTICE OF REMOVAL

**COME NOW** defendant/counter-plaintiff, Oil Equipment Co., Inc. ("OEC")

and defendant Jimmy Plott ("Plott") and hereby give notice, pursuant to 28 U.S.C.

§§ 1441(b) and 1446, of the removal of this action to the United States District

Court for the Northern District of Alabama, Middle Division.  As grounds for this

removal, OEC and Plott state as follows:

1.     On March 2, 2011, plaintiffs Saeid Morshiri and Razieh M. Shabani

d/b/a "K and C, LLC" (hereinafter referred to as "plaintiffs") commencd suit in the

Circuit Court of St. Clair County, Alabama (Ashville Division), by filing a

1

complaint against defendants OEC and Jimmy Plott.  The suit contained two (2) counts maintained against OEC and Plott, one for negligence and one for breach of contract, arising out of the installation of certain gasoline dispensing equipment at a gas station allegedly owned by K and C LLC situated in Steele, Alabama.  The case is titled <u>Saeid Morshiri, Razieh M. Shabani d/b/a K and C, LLC versus Oil Equipment Company, Inc., Jimmy Plott, and Unknown Defendants A-Z Who are Responsible for the Losses Described Here</u>, Civil Action No. CV 2011-23.

2.      On April 11, 2011, OEC and Plott filed their answer to the March 2, 2011 complaint, and OEC made a counterclaim against the plaintiffs.

3.      On June 15, 2011, the plaintiffs filed an answer to OEC's counterclaim, and also filed an amendment to the original complaint asserting as Count III thereof, an additional claim against OEC and Plott for alleged wrongful acts under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, <u>et. seq.</u> ("RICO")  A true and correct copy of the June 15, 2011 answer and amendment asserting the RICO claim (hereinafter the "RICO Amendment"), as well as all other process, pleadings and orders served in the state court action are attached hereto as Exhibit "A".

4.      OEC and Plott received notice of the filing of the RICO Amendment electronically on June 15, 2011.

2

5.    Paragraph 2 of the RICO Amendment states as follows:

"2.    Pursuant to the RICO Plaintiff brings claim against Defendant for wrongful acts under this section of Federal Law.  That Defendant has committed acts indictable under 18 U.S.C. #SYMBOL \f "Symbol"95 1341 (relating to mail fraud) by mailing false billings for mailing false invoices for work never performed on multiple occasions and mailings and 18 U.S.C. #SYMBOL \f'Symbol"95 1951 (relating to interference with commerce through extortion) by attempting to force the Plaintiffs to pay false and fictitious charges for work never performed and sign a release giving the Defendants permission to breach their contract without any consequences to them for their shoddy and negligent work and their fraudulent billings. Also Defendant's wrongful actions resulted in additional and other frivolous, groundless and vexatious fees and or attorney charges for improper purposes resulting in wrongful interference with Plaintiff's business, and loss of sales and income.  This represents a pattern and practice of wrongful actions by the Defendants."

6.    28 U.S.C. §1331 states as follows:

"District courts shall have original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States."

7.    28 U.S.C. § 1441(b) states, in pertinent part:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

8.    In addition, 28 U.S.C. § 1446(b) states, in pertinent part:

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by

the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than one (1) year after commencement of this action."

9.      Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     This notice of removal is timely under 28 U.S.C. § 1446(b) because the removability of this action did not become apparent until June 15, 2011, the date on which the plaintiffs filed the RICO amendment. This notice of removal is therefore timely in that it has been filed within thirty (30) days of receipt of notice of the RICO Amendment, which was received by electronic filing on June 15, 2011.

11.     OEC and Plott hereby file simultaneously herewith clear and legible copies of all records and proceedings from the state court, which are attached hereto as Exhibit "A".

12.     Should any question arise as to the propriety of the removal of this action, OEC and Plott request the opportunity to present a brief and oral argument in support of removal.

4

Dated this the 15th day of July, 2011.

Respectfully submitted,

Neil Richard Clement
Attorney for defendant/counter-plaintiff Oil Equipment Company, Inc. and defendant Jimmy Plott

**OF COUNSEL:**

RichardsonClement PC
200 Cahaba Park Circle
Suite 125
Birmingham, Alabama 35242
Telephone: (205) 572-4100
Facsimile: (205) 572-4199

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon:

Jared D. Vaughn, Esquire
827 Chestnut Street
Gadsden, Alabama 35901

Ahmad M. Shabani, Esquire
143 W. Main Street
Albertville, Alabama 35950

by mailing same to them, first-class postage prepaid, on this the 15th day of July, 21011.

OF COUNSEL